FILED
2016 Mar-08  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MATT ABBOTT, an individual,<br>THE ABBOTT LAW FIRM, LLC,<br>an Alabama Limited Liability Company,<br><br>      Plaintiffs,<br><br>V.<br><br>DR. JAMES WRIGHT, an individual,<br>DAMAGES INC., LLC, a Colorado<br>Limited Liability Company, JOHN<br>DOES 1 – 10,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)        CIVIL ACTION NO.: |

## COMPLAINT

COMES NOW, the Plaintiffs, by and through the undersigned counsel of record and for their Complaint against the Defendants, state as follows:

### I.      PARTIES

1.      Matt Abbott ("Abbott") is an individual resident of the State of Alabama and is over the age of nineteen (19) years.  Abbott has practiced law in the State of Alabama and in various jurisdictions nationwide since 2000.

2.      The Abbott Law Firm, LLC ("ALF") is a limited liability company organized under the laws of the State of Alabama.  ALF is a law firm with its principal place of business in Birmingham, Alabama.  Abbott is the sole member

1

of ALF.  ALF provides legal services to clients throughout the State of Alabama and in various jurisdictions nationwide.

3.     Defendant, Dr. James Wright ("Wright") is an individual resident of the State of Ohio and is over the age of nineteen (19) years.

4.     Defendant, Damages Inc., LLC ("Damages") is a Colorado limited liability company organized under the laws of the State of Colorado. Upon information and belief, Wright is the principal officer of Damages.

5.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants named here as John Does 1-10 are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiffs are informed and believe and thereupon allege that each of the Defendants designated herein as a Doe was in some manner legally responsible for the events and occurrences herein alleged and unlawfully and proximately caused damages to Plaintiffs.

## II.     JURISDICTION AND VENUE

6.     This is an action for damages and relief for trademark infringement, false designation of origin, false or misleading description of fact, false or misleading representation of fact, unfair competition, false advertising, dilution and cybersquatting under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§

2

1114 and 1125, false declaration under 15 U.S.C. § 1120 and for violations of the laws of the State of Alabama, specifically trademark infringement, dilution, deceptive trade practices, false advertising and unfair competition under Ala. Code §§ 8-12-1, *et seq.* and Ala. Code §§ 8-19-1, *et seq.*, and violations of the Alabama common law with respect to conversion.

7.     This Court has jurisdiction over the subject matter pursuant to the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the trademark laws of the United States.

8.     Jurisdiction is also conferred on this Court pursuant to 28 U.S.C. § 1332(a)(1) through diversity of citizenship, as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

9.     Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over the Plaintiffs' claims arising from the laws of the State of Alabama as those claims are substantially related to those causes of action over which the Court has original jurisdiction.

10.     This Court may exercise personal jurisdiction over the Defendants pursuant to the Alabama long arm statute under Alabama Rules of Civil Procedure Rule 4.2 because one or more of the Defendants ; (1) are doing business in this

judicial district, (2) have committed tortious acts within this judicial district; (3) have committed a tortious injury in this state caused by an act or omission outside this state and the Defendants regularly do business in this judicial district, including unfair competition, trademark infringement, false advertising, dilution, cybersquatting, deceptive trade practices and making deceptive, false and fraudulent statements, unauthorized use of the Plaintiffs' proprietary information and conversion, among other wrongful and unlawful acts; and/or (4) otherwise have sufficient minimum contacts with the State of Alabama.

11.     Venue is proper under 28 U.S.C. § 1391(b) in that one or more of the Defendants are doing and transacting business within this judicial district and have committed the tortious acts complained of herein in this judicial district of the State of Alabama.

### III.   FACTUAL BACKGROUND

12.     Abbott has continuously practiced law in Alabama and various jurisdictions throughout the United States since 2000.  During this time, Abbott has developed a persona and alter ego of "The Outlawyer" based upon the types matters he has handled and the clients he has represented.

13.     In particular, Abbott has incorporated "The Outlawyer" persona in all aspects of his practice from his own personal style and appearance to the types of matters he has handled and the clients he has represented.

14.   Clients, particularly in the Southeastern region of the United States but also throughout the country, have come to know and recognize Abbott as "The Outlawyer" by virtue of his representation of victims of severe personal injuries and other extreme hardships.

15.   In this regard, clients that retained Abbott have come to associate Abbott with an aggressive, renegade and outlaw approach to the representation of his clients' causes. Additionally, Abbott's legal colleagues and friends have referred to Abbott as "The Outlawyer" based upon this approach and persona. As such, Abbott has developed "The Outlawyer" persona into his own alter ego and thus, has developed substantial goodwill in "The Outlawyer" persona.

16.   In an effort to further expand upon and continue development of "The Outlawyer" persona, starting in approximately Summer of 2015 to the present, Abbott began to acquire various internet domains including: theoutlawyer.com; theoutlawyer.net; theoutlawyer.org; theoutlawyer.info, theoutlawyers.com; theoutlawyers.net; theoutlawyers.org; and theoutlawyers.info.

17.   Furthermore, on December 15, 2015, Abbott submitted a trademark application to the United States Patent and Trademark Office ("USPTO") for "THE OUTLAWYER" in connection with Abbott's alter ego and persona in his law practice.   The USPTO assigned Serial Number 86849701 to THE OUTLAWYER trademark for use in connection with Abbott's and ALF's legal

5

services to clients. Abbott's submission of THE OUTLAWYER trademark served to formalize Abbott's long-standing common law rights to THE OUTLAWYER trademark and proprietary rights that Abbott had developed since the beginning of his law practice.

18.    In addition, on or about December 10, 2015, Abbott, through the undersigned counsel, Joseph P. Schilleci, Jr. ("Schilleci"), reached out to Wright regarding purchase of a domain name, outlawyer.com, which Wright owned but had not used.  Specifically, prior to initiating this contact, Abbott and his counsel verified that the outlawyer.com domain name contained no web content and in fact, despite having been registered by Wright for several years, had never been used.

19.    Through both telephone and email communications between Schilleci and Wright, Wright confirmed that did not have any immediate use for the outlawyer.com domain name.  Furthermore, Wright confirmed that he did not have any present intent to begin placing content on the domain site.  Accordingly, on behalf of Abbott, Schilleci made an offer to purchase the outlawyer.com domain name from Wright for $4000.  In this regard, from the outset, Abbott made clear his desire to acquire the outlawyer.com domain name from Wright due to its close proximity to Abbott's "The Outlawyer" persona and alter ego that Abbott had been developing for many years.    Specifically, Abbott intended to use the

6

outlawyer.com domain name for further promotion of Abbott's The Outlawyer persona and alter ego.

20.    Wright rejected the $4000 offer from Abbott but stated that he considered the offer to be serious and that he would submit a counterproposal to Abbott's offer.

21.    Nevertheless, Wright refused to submit a counterproposal instead only noting that he felt that his wife would not allow him to sell the outlawyer.com domain name for less than $10,000.  Wright further stated in an email to Schilleci that he believed that the appraisal value for the outlawyer.com domain name would likely be in the neighborhood of $10,000, as well.

22.    In response, over a period of approximately two months between December of 2015 and February of 2016, Abbott raised his offer to $5,500 and once again to $8,000 in separate emails between Schilleci, on behalf of Abbott, and Wright.   Wright never submitted any counterproposals to these offers despite Schilleci stating in both email and telephone correspondence that Abbott had "immediate need" for the outlawyer.com domain name.  Moreover, Wright made no attempt throughout the course of the negotiations to place content on the outlawyer.com domain name or to make any use of such domain.

23.     Nevertheless despite these facts, on February 5, 2016, for the first time, Wright placed content on the outlawer.com domain name.   Specifically, Wright place a single landing page upon the domain site that stated the following:

> "Outlawyer.com – Equal Justice Under the Law – Victims, Outlaws, Outsiders & Outcasts."

See the attached webpage at Exhibit A.

25.     In addition, on or about February 8, 2016, Wright, for the first time, submitted a trademark application to the USPTO for "OUTLAWYER.COM".  The USPTO assigned Serial Number 86901431 to this application for use in connection with legal services. Importantly, in submitting this application, Wright certified to the USPTO that to his knowledge no other user had the right to use the term "outlawyer" in commerce.  See attached trademark application at Exhibit B.  By virtue of his ongoing negotiations with Schilleci, Abbott's legal counsel, such a certification by Wright is patently false.

26.     The forgoing conduct by Wright can only be considered to be in bad faith and in violation of Abbott's known rights to "The Outlawyer" persona and the goodwill associated therewith.  Clearly, Wright only decided to target the exact clients Abbott has continuously targeted through "The Outlawyer" persona, namely those individuals labeled as victims, outlaws, outsiders and outcasts after having had serious and lengthy discussions with Abbott for the sale of the outlawyer.com domain name.

27.     Prior to entering in discussions with Abbott's legal counsel, Wright had no known use of the outlawyer.com domain name and expressed that he had no present intent to begin to make use of such domain name.  Nevertheless, it appears that through the course of these discussions, Wright began to recognize Abbott's immediate need for such domain and apparently deciphered Abbott's plans for use of the domain.

28.     In so doing, Wright then decided to wrongfully begin use of the outlawyer.com domain name solely in an effort to prohibit Abbott from such use and to confuse the consuming public regarding the identity of The Outlawyer. Further, Wright intended to unfairly trade upon the substantial goodwill that Abbott had developed in The Outlawyer persona. Such conduct is in clear violation of Abbott's proprietary and intellectual property rights and entitles the Plaintiffs to both injunctive and monetary relief as explained herein.

## IV.   CLAIMS

### A.     COUNT ONE: Federal Trademark Infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114) Against All Defendants.

29.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30.     As a result of the acts complained of herein, the Defendants' use of THE OUTLAWYER trademark, has already and is likely to cause confusion,

mistake and deception among consumers regarding the identity of The Outlawyer and the legal services provided by Abbott under The Outlawyer persona in violation of 15 U.S.C. § 1114.

31.    Such consumers have been and will likely be misled into believing that the Defendants are associated with, connected to, affiliated with, approved by or otherwise sponsored or authorized by the Plaintiffs to market legal services under THE OUTLAWYER trademark or that the Defendants are the outright owners of the THE OUTLAWYER trademark in violation of 15 U.S.C. § 1114.

32.    The conduct of the Defendants has caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless and until they are restrained by this Court.  The Plaintiffs have no adequate remedy at law for the non-monetary damages caused by the Defendants.

33.    The Defendants' conduct, jointly and severally, has resulted in direct and proximate injury to the Plaintiffs.

> **B.    COUNT TWO: Federal Trademark Infringement, False Designation of Origin, False or Misleading Representation of Fact, Unfair Competition and False Advertising Under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) Against All Defendants.**

34.    The Plaintiffs hereby incorporate and reallege paragraphs one (1) through thirty-three (33) as if fully set forth herein.

35.     As alleged herein, the conduct of the Defendants infringes upon the Plaintiffs' trademark rights, uses one or more false designations of origin, falsely or misleadingly represents and describes facts, falsely advertises that the Defendants are associated with, connected to, affiliated with, approved by or otherwise sponsored or authorized by the Plaintiffs to market legal services under THE OUTLAWYER trademark or that the Defendants are the outright owners of THE OUTLAWYER trademark.

36.     Through such misrepresentations, the Defendants have caused and will continue to cause legal services to marketed and offered for sale in interstate commerce through false advertising in violation of 15 U.S.C. § 1125(a).

37.     Moreover, the Defendants' appropriation and use of THE OUTLAWYER trademark has caused confusion, mistake or deception with the Plaintiffs' trademark rights in that the consuming public will acquire an incorrect impression that legal services marketed and sold by the Defendants under THE OUTLAWYER trademark are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark, thereby gaining acceptance and profit by reason of the reputation and goodwill associated with THE OUTLAWYER trademark as developed by Abbott and causing the Plaintiffs irreparable harm and monetary damages.

11

38.     The aforesaid false and misleading advertising and misrepresentations by the Defendants has caused the Plaintiffs irreparable harm for which they have no adequate remedy at law.

39.     Unless and until the unlawful conduct of the Defendants, is restrained an enjoined by this Court, the Plaintiffs will continue to suffer irreparable harm and the consuming public will continue to suffer under a likelihood of confusion affecting the Plaintiffs.

40.     Unless restrained by this Court, the unlawful misrepresentations, false designations and false advertisements of the Defendants will be continuous, increasingly publicized and brought to the attention of the consuming public worldwide.   Furthermore, upon information and belief, the Defendants will continue to carry on their wrongful conduct as alleged herein and continue to do so unless enjoined by this Court.

41.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

      **C.**    **COUNT THREE: Federal Trademark Dilution Under Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c) Against All Defendants.**

42.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty-one (41) as if fully set forth herein.

43.     Since at least as early as 2000 when Abbott began his legal practice, Abbott has offered his legal services under "The Outlawyer" persona to those clients that are victims of severe personal injuries and extreme hardships.   In connection therewith, Abbott has had tremendous success and has come to be recognized by clients and his legal colleagues as The Outlawyer.   These efforts have caused THE OUTLAWYER trademark and the persona thereunder to become famous.

44.     As alleged herein, the conduct of the Defendants in using THE OUTLAWYER trademark, without the Plaintiffs' authorization, permission or consent, in connection with the Defendants' advertising and conduct described herein, causes dilution to the distinctiveness of THE OUTLAWYER trademark and "The Outlawyer" persona in violation of 15 U.S.C. § 1125(c).

45.     The aforesaid conduct of the Defendants is made and maintained with the deliberate and willful intent to trade off the Plaintiffs' goodwill and reputation built into THE OUTLAWYER trademark and to cause dilution of such trademark in violation of 15 U.S.C. § 1125(c).

46.     The aforesaid conduct of the Defendants constitutes violations of 15 U.S.C. § 1125(c), including dilution of THE OUTLAWYER trademark.

47.     The unlawful and willful conduct of the Defendants is causing the Plaintiffs irreparable harm and monetary damages. The Plaintiffs have no adequate remedy at law for their non-monetary damages.

48.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

### D.     COUNT FOUR: CYBERSQUATTING UNDER THE LANHAM ACT, SECTION 43(d)

49.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty-eight (48) as if fully set forth herein.

50.     In addition to Plaintiff's aforesaid rights in THE OUTLAWYER trademark, Abbott is the owner of various domain name registrations incorporating THE OUTLAWYER trademark.

51.     By virtue of the Defendants' aforesaid conduct, the Defendants are trafficking in and are using the domain name outlawyer.com which is confusingly similar to and dilutive of  THE OUTLAWYER trademark with a bad faith intent to profit from such famous trademark.

52.     The Defendants are the registrants of the domain name outlawyer.com.

53.     The aforesaid conduct of the Defendants constitutes violations of Section 43(d) of the Lanham Act including cyberpiracy and/or cybersquatting

affecting the Plaintiff's THE OUTLAWYER trademark and associated domain names.

54.    The Defendants' unlawful conduct is causing the Plaintiffs irreparable harm for which Plaintiffs have no adequate remedy at law.

55.    Unless and until the Defendants' unlawful conduct is restrained and enjoined by this Court, the Plaintiffs will continue to suffer irreparable harm and the consuming public will continue to suffer under a likelihood of confusion affecting the Plaintiffs.

56.    The unlawful and willful conduct of the Defendants is causing the Plaintiffs irreparable harm and monetary damages. The Plaintiffs have no adequate remedy at law for their non-monetary damages.

57.    The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

### E.    COUNT FIVE: False Declaration under 15 U.S.C. § 1120.

58.    The Plaintiffs hereby incorporate and reallege paragraphs one (1) through fifty-seven (57) as if fully set forth herein.

59.    Wright submitted a trademark application to the USPTO for "OUTLAWYER.COM" to which the USPTO assigned Serial Number 86901431 to this application for use in connection with legal services.

60.     In submitting this application, Wright certified to the USPTO that to his knowledge no other user had the right to use the term "outlawyer" in commerce.

61.     By virtue of his ongoing negotiations with Schilleci, Abbott's legal counsel, such a certification by Wright is patently false.

62.     The Defendants' conduct, jointly and severally, subjects them to civil liability to the Plaintiffs under 15 U.S.C. § 1120.

63.     The Defendants' conduct has resulted in direct and proximate damage to the Plaintiffs.

> **F.     COUNT FIVE: Alabama Statutory and Common Law Trademark Infringement, Unfair Competition, Trademark Dilution, False Advertising and Deceptive Trade Practices Against All Defendants.**

64.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through sixty-three (63) as if fully set forth herein.

65.     As alleged herein, the conduct of the Defendants, constitute trademark infringement, unfair competition, trademark dilution, false advertising and deceptive trade practices in violation of the laws of the State of Alabama, including Ala. Code §§ 8-12-1, *et seq.* and Ala. Code §§ 8-19-1, *et seq.*, and the common law.

66.     The actions of the Defendants have caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless restrained by this Court.

67.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

### G.     COUNT SIX: Conversion of the Plaintiffs' Property Against All Defendants.

68.     The Plaintiffs hereby incorporate and reallege paragraphs one (1) through sixty-seven (67) as if fully set forth herein.

69.     As alleged herein, the conduct of the Defendants constitutes an unlawful taking and theft of the Plaintiffs' property, including THE OUTLAWYER trademark and "The Outlawyer" persona of Abbott for use in connection with provision of legal services.

70.     In committing such wrongful taking and theft of the Plaintiffs' property, the Defendants have converted and stolen said property described above for their own use and benefit and to the detriment of the Plaintiffs.

71.     The Defendants have caused and will continue to cause irreparable injury and monetary damages to the Plaintiffs unless restrained by this Court.  The Plaintiffs have no adequate remedy at law for the non-monetary damages.

72.     The Defendants' conduct, jointly and severally, has resulted in direct and proximate damage to the Plaintiffs.

17

## V.     RELIEF REQUESTED

WHEREFORE, the Plaintiffs demand the following:

1.     That the Court adjudge and decree that Abbott is the exclusive owner THE OUTLAWYER trademark for use in connection with legal services.

2.     That the Court adjudge and decree that the conduct of the Defendants, infringes upon the Plaintiffs' respective trademark rights in violation of 15 U.S.C. § 1114.

3.     That the Court adjudge and decree that the conduct of the Defendants, infringes upon the Plaintiffs' respective trademark rights in violation of 15 U.S.C. § 1125.

4.     That the Court adjudge and decree that the conduct of the Defendants serves to designate falsely the origin of the legal services marketed and offered by the Defendants and falsely represents that such legal services are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark.

5.     That the Court adjudge and decree that the conduct of the Defendants constitutes dilution of the Plaintiffs' famous THE OUTLAWYER trademark in violation of 15 U.S.C. § 1125(c).

6. That the Court adjudge and decree that the conduct of the Defendants constitutes violations of Ala. Code §§ 8-12-1, *et seq*. and Ala. Code §§ 8-19-1, *et seq*.

7. That the Court adjudge and decree that the conduct of the Defendants infringes upon the Plaintiffs' rights under the common law of the State of Alabama.

8. That the Court adjudge and decree that the conduct of the Defendants constitutes unfair competition under the common law of the State of Alabama.

9. That the Court adjudge and decree that the conduct of the Defendants constitutes theft and conversion of the Plaintiffs' property under the common law of the State of Alabama.

10. That the Court enter temporary and permanent injunctions against the Defendants and any of their officers, agents, servants, employees and attorneys, and any of those persons in active concert or participation with the Defendants, from directly or indirectly:

(a) Marketing, advertising or promotion of any legal services under THE OUTLAWYER trademark;

(b) Using any word(s) or mark(s) confusingly similar to THE OUTLAWYER trademark in connection with the marketing, advertising or promotion of legal services;

(c)     Representing by any words or conduct that legal services marketed, advertised or promoted by the Defendants are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark;

(d)     Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done, amounts to a false designation of origin, false description or false representation of the Defendants.

11.     That the Court enter an injunction directing the Defendants:

(a)     Transfer all rights, title and interest to outlawyer.com and any other domain names, as well as any trademarks (whether registered or unregistered) that are confusingly similar to THE OUTLAWYER trademark to Abbott;

(b)     To remove and/or have removed from any and all third-parties, websites, advertising and marketing materials, any false advertisements that the legal services marketed, promoted or advertised by the Defendants are connected with, affiliated with, sponsored, controlled, produced, licensed or otherwise authorized by the Plaintiffs or that the Defendants are the outright owners of THE OUTLAWYER trademark;

(c)    To preserve any and all records, whether in written or electronic form, that in any way relate to the use of THE OUTLAWYER trademark and the matters referred to herein; and

(d)    To file with the Court and to provide a copy to the below counsel of record, within thirty (30) days of the service of such injunction upon the Defendants, a written report detailing under oath the manner in which the Defendants have complied with the injunction.

12.    That the Court enter judgment against the Defendants, jointly and severally, and award the Plaintiffs damages arising out of the Defendants' violations of the Lanham Act and Alabama statutory and common law.

13.    That the Court enter judgment against the Defendants, jointly and severally, and award the Plaintiffs damages arising out of the Defendants' wrongful theft and conversion of the Plaintiffs' property.

14.    That the Court award the Plaintiffs punitive damages against the Defendants, jointly and severally.

15.    That the Court award the Plaintiffs treble damages against the Defendants, jointly and severally.

16.    That the Court award the Plaintiffs their full costs for this action.

17.    That the Court award the Plaintiffs reasonable attorney's fees.

18.    That the Court require a full and complete accounting of all monies received by the Defendants as a result of the wrongful actions stated herein.

19.    That the Court award interest at the then prevailing or legal rate, whichever is greater, on all monies found to be due to the Plaintiffs from the date said amounts or any part thereof became or becomes due.

20.    That the Court required the Defendants to notify their commercial associates, suppliers, vendors, customers, and other business affiliations of the Court's order.

21.    That the Court grant the Plaintiffs a trial by jury.

22.    That the Court award such other and further relief as the Court may deem appropriate, just and proper.

Respectfully submitted this 8th day of March, 2016.


/s/ *Joseph P. Schilleci, Jr.*
Joseph P. Schilleci, Jr.

/s/ *Jason P. Tortorici*
Jason P. Tortorici
Schilleci & Tortorici, P.C.
2821 2nd Avenue South, Suite E
Birmingham, Alabama 35233
Telephone: (205) 978-4211
Facsimile: (205) 978-4212
Email: jps@schillecitortoricilaw.com


Attorneys for the Plaintiffs

22

**<u>DEFENDANTS TO BE SERVED AT THE FOLLOWING ADDRESSES</u>:**

Dr. James Wright
1300 W. 9th St. # 1106
Cleveland, Ohio 44113

Damages Inc., LLC
c/o its Registered Agent, InCorp Services, Inc.
36 South 18th Avenue, Suite D
Brighton, Colorado 80601

With a copy to the following:

John B. Berryhill, LLC
204 East Chester Pike
First Floor, Suite 4
Ridley Park, Pennsylvania 19078-0122